UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 13-cv-01125-REB-MJW

LELAND SMALL, individually and on behalf
of a class of other similarly situated persons,

    Plaintiff,

v.

BOKF, N.A.,

    Defendant.

---

## PROTECTIVE ORDER [Docket No. 37-1]

---

The plaintiff and the defendant and their respective counsel hereby stipulate to the entry of this Protective Order limiting, conditioning and regulating discovery pursuant to the terms and conditions set forth below.

WHEREAS, the Court finds good cause for entry of an order to protect the discovery and dissemination of confidential information and information that would annoy, embarrass, or oppress parties, witnesses, and persons providing discovery in this civil action.

IT IS ACCORDINGLY ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that is confidential, including material provided by third parties, which comprises or contains information that such party claims in good faith to constitute trade secrets, non-public information, customer information, financial information, personnel information, or personal information.

4. Information designated as CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY shall be CONFIDENTIAL information as to which the designating party claims in good faith that any disclosure other than that permitted by paragraph 8 below would annoy, embarrass, or oppress one or more parties, witnesses, and/or persons providing discovery in this civil action.

5. No party shall designate any document "CONFIDENTIAL" or "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY" that has been admitted into evidence at any trial or hearing, unless the Court: (a) ~~sealed~~ Restricted public access to the document and/or closed the hearing/trial to the public; or (b) a motion to do so is pending.

6. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") or "CONFIDENTIAL FOR ATTORNEY'S

2

EYES ONLY (collectively "CONFIDENTIAL FOR ATTORNEY'S EYES ONLY information") shall not be disclosed or used for any purpose except the preparation and trial of this case.

7. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. The parties, including designated representatives for Defendant;

    d. Expert witnesses and consultants retained in connection with the proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e. The Court and its employees ("Court Personnel");

    f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. Deponents or witnesses during the course of any examination; and

    h. Other persons by written agreement of the parties.

8. CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a.    Attorneys actively working on this case;

    b.    Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    Expert witnesses and consultants retained in connection with the proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    d.    The Court and its employees ("Court Personnel");

    e.    Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

9.    Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL, ATTORNEY'S EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), such person shall be advised of this Order and the obligation to adhere to its terms.

10.    Documents are designated as CONFIDENTIAL, or CONFIDENTIAL, ATTORNEY'S EYES ONLY, by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" Or "CONFIDENTIAL, ATTORNEY'S EYES ONLY."

11.    Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL, ATTORNEY'S EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL, ATTORNEY'S EYES ONLY, as the case may be, and shall be subject to the provisions of this

Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL, ATTONREY'S EYES ONLY transcription, provided written notice of the designation is promptly given to all counsel within seven (7) days after notice by the court reporter of the completion of the transcript.

12.   A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL, ATTORNEY'S EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within seven (7) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFDENTIAL, ATTORNEY'S EYES ONLY to file an appropriate motion, consistent with D. C. Colo. LCivR 7.2, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY, as the case may be, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY, and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY, shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY.

13. None of the provisions of this Protective Order regarding CONFIDENTIAL information or CONFDIIENTIAL, FOR ATTORNEY'S EYES ONLY shall be construed to prevent counsel from arguing to this Court at any time that a designation of CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY was unwarranted when made or that any material so designated should no longer be afforded such treatment. Failure to challenge the classification of said material at the time of production shall <u>not</u> be construed as a waiver of the right to challenge it at a later date.

14. At the conclusion of this case, unless other arrangements are agreed upon mutually by the parties, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and CONFIDENTIAL, ATTORNEY'S EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL and CONFIDENTIAL, ATTORNEY'S EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order also governs the use of videotaped depositions obtained during this litigation. The parties and their counsel to this case are prohibited

from publicly disseminating any deposition videotape obtained by any party during this case or otherwise use such videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court.

16. Any violation or threatened violation of this Protective Order may subject the offending person to punishment for contempt of court.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: July 12, 2013

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO