**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01125-REB-MJW

LELAND SMALL, individually and on behalf of a class of other similarly situated persons,

    Plaintiff,
v.

BOKF, N.A.,

    Defendant.

**ORDER DENYING BOKF'S COMBINED EXPEDITED MOTION
FOR STAY OF CERTIFICATION ISSUE PENDING RULING ON
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

**Blackburn, J.**

The matter before me is defendant **BOKF's Combined Expedited Motion for Stay of Certification Issue Pending Ruling on Motion for Summary Judgment and Brief in Support** [#69],[1] filed October 14, 2013.  Defendant seeks to stay all class certification issues, including briefing on plaintiff's pending motion for class certification as well as discovery, until such time as the court rules on defendant's **Combined Motion for Summary Judgment and Brief in Support** [#45], filed August 14, 2013.  I deny the motion.

    "The right to proceed in court should not be denied except under the most extreme circumstances."  ***Commodity Futures Trading Commission v. Chilcott***

---

[1] "[#69]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

***Portfolio Management, Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation and internal quotation marks omitted). "In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule." ***Waisanen v. Terracon Consultants, Inc.***, 2009 WL 5184699 at *1 (D. Colo. Dec. 22, 2009). Although a stay nevertheless may be appropriate when resolution of a preliminary motion will resolve the entire action, defendant has failed to address any of the factors that might make that discretionary determination appropriate. ***See id.*** (court should consider whether movant is likely to prevail, whether, likelihood of substantial or irreparable harm to any party, and the public interest). Even if it had, a stay of all discovery is generally disfavored in this court in any event. ***See id***.

Moreover, I find and conclude that, regardless whether it makes sense to *rule* on defendant's motion for summary judgment prior to addressing class certification issues, it does not best serve the interests of the parties, the court, or the judicial system in the efficient and efficacious resolution of cases to hold this matter in abeyance on the chance that defendant's summary judgment motion may have traction (an issue which I do not here predetermine). Accordingly, the motion to stay will be denied.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That **BOKF's Combined Expedited Motion for Stay of Certification Issue Pending Ruling on Motion for Summary Judgment and Brief in Support** [#69], filed October 14, 2013, is **DENIED**; and

---

[2] Defendant's reply to the motion for class certification was due October 25, 2013. Given my ruling on the motion to stay, I will reset this deadline. Plaintiff's deadline for filing a reply shall be determined under D.C.COLO.LCivR 7.1C.

2.  That defendant **SHALL FILE** a response to **Plaintiff's Motion for Class Certification and Memorandum in Support** [#57], by **November 15, 2013.**

Dated October 31, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*

Robert E. Blackburn
United States District Judge