**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-01125-REB-MJW

LELAND SMALL, individually and on behalf of a class of other similarly situated persons,

Plaintiff,

v.

BOKF, N.A.,

Defendant.

---

## ORDER RE: MOTION FOR CLASS CERTIFICATION

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Class Certification and Memorandum in Support** [#57],[1] filed October 1, 2013. I grant the motion in part and deny it in part.

## I. JURISDICTION

I putatively have jurisdiction over this matter under 28 U.S.C. §1332(d)(2) (Class Action Fairness Act).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 23, a class may be certified if several requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

representative parties are typical of those of the class, and; (4) the representative parties adequately will protect the interests of the class. In addition, one of the three alternative requirements outlined in Rule 23(b) also must be satisfied. ***Sibley v. Sprint Nextel Corp.***, 254 F.R.D. 662, 670 (D. Kan. 2008). In this case, plaintiffs seek to proceed under 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" and that a class action "is superior to other available methods for the fair and efficient adjudication of the controversy."

Class certification is a matter committed to the discretion of the trial court. ***Anderson v. City of Albuquerque***, 690 F.2d 796, 799 (10th Cir. 1982). As the proponents of class certification, plaintiffs have the burden to demonstrate "under a strict burden of proof" that the requirements of Rule 23 are clearly satisfied. ***Trevizo v. Adams***, 455 F.3d 1155, 1162 (10th Cir. 2006). A certified class may be altered, expanded, subdivided, or abandoned as the case develops. ***See, e.g., Daigle v. Shell Oil Co.***, 133 F.R.D. 600 (D. Colo. 1990); ***Dubin v. Miller***, 132 F.R.D. 269, 270-75 (D. Colo. 1990). Given this flexibility, doubts about the propriety of entertaining a class action should be resolved in favor of proceeding on that basis. ***Esplin v. Hirschi***, 402 F.2d 94, 99 (10th Cir. 1968) ("[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.").

## III. ANALYSIS

Following the recent entry of the court's **Order Re: Summary Judgment Motions** [#134], filed August 7, 2014, this case has evolved such that only a single claim remains: plaintiff's claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 - 1667f, and its associated regulations, as to which the court granted plaintiff's motion for summary judgment. These determinations moot many of the issues raised by and inherent to the motion for class certification, and the court will address only those relevant to the TILA claim.

### A. CLASS DEFINITION

"Although not mentioned specifically in Rule 23 itself, a prerequisite to class certification is an appropriate class definition." ***Maez v. Springs Automotive Group, LLC***, 268 F.R.D. 391, 394 (D. Colo. 2010). Plaintiff seeks to represent a class defined as follows:

> All BOKF Customers residing in the United States whose FastLoans within the applicable statute of limitations preceding the filing of this action to the date of class certification, were fully repaid less than 30 days from origination.

This definition appears appropriate, except that the reference to the statute of limitations is overly vague and technical. TILA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This case was filed on April 26, 2013. Thus, any claim that arose prior to April 26, 2012, would be barred by limitations and cannot be prosecuted in this action.[2] Moreover, it appears that

[2] This bar applies also to some of the loans taken by plaintiff himself.

defendant ceased offering FastLoan advances after May 31, 2014. Thus, I will consider certification of a class defined as follows:

> All BOKF customers residing in the United States who received FastLoan advances between April 26, 2012, and May 31, 2014, and whose FastLoan advances were fully repaid fewer than 30 days from origination.

***See id.*** at 394-95 ("[T]he court is not bound by the class definition proposed in the complaint, and, thus, may refine the suggested definition if necessary.") (internal citations and quotation marks omitted).

**B. RULE 23(a)**

Other than suggesting that certain aspects of plaintiff's claim for damages under TILA are inappropriate – a contention addressed below – defendant offers neither argument nor evidence to suggest that plaintiff fails to satisfy the requirements of Rule 23(a) with respect to his TILA claim. Examining each, I find them more than adequately satisfied.

**1. Numerosity**

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all members of the class is impracticable. There is no minimum numerical threshold that must be exceeded to satisfy this requirement. Rather, the nature of the particular case and the nature of the proposed class are key considerations in determining whether joinder of all parties is impractical. ***See, e.g., Horn v. Associated Wholesale Grocers, Inc***., 555 F.2d 270, 274-76 (10th Cir. 1977).

Defendant made in excess of 71,000 FastLoan advances to more than 10,000 customers in the six-month period from December 2012 to May 2013, alone. Further,

the evidence supports the reasonable inference that the vast majority of these loans were repaid in less than 30 days. Defendant does not contest plaintiff's assertion that identification of all class members from defendant's records is neither difficult nor unduly burdensome. I therefore find the requirement of numerosity satisfied.

**2. Commonality and Typicality**

Rule 23(a)(2) requires that the claims of members of a proposed class present "common questions of law or fact." Complete identity of legal claims among class members is not required. Rather, this provision requires that there be two or more issues whose resolution will affect all or a significant number of the members of the proposed class. ***See Stewart v. Winter***, 669 F.2d 328, 335 (5th Cir. 1982). Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class. The typicality requirement is satisfied if there are common questions of law or fact. ***Milonas v. Williams***, 691 F.2d 931, 938 (10th Cir. 1982), ***cert. denied***, 103 S.Ct. 1524 (1983); ***Adamson v. Bowen***, 855 F.2d 668, 676 (10th Cir. 1988). Thus, "[t]he commonality and typicality requirements tend to merge," although both "serve as guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated." ***General Telephone Company of Southwest v. Falcon***, 457 U.S. 147, 157 n.13, 102 S.Ct. 2364, 2370 n.13, 72 L.Ed.2d 740 (1982).

These requirements are plainly satisfied as to the proposed class claim. The disclosures on which this claim is based are contained within the Terms and Conditions of the program, which are identical as to all FastLoan advances. "Claims arising out of

standard documents present a classic case for treatment as a class action." ***Maez***, 268 F.R.D. at 396 (citation and internal quotation marks omitted). Moreover, plaintiff's claim challenges the same conduct that would be challenged by the class. ***Id.*** There is no argument made that plaintiff is subject to unique defenses, nor a contention that the factual differences between the amounts of individual FastLoan advances, the repayments dates, and/or the associated resulting annual percentage rates are adequate to defeat typicality. I therefore find these requirements satisfied as well.

**3. Adequacy of representation**

Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole. This requirement is intended to ensure that the class representative has sufficient interests in common with the class that the representative will adequately assert and protect the interests of the class. The adequate representation requirement of Rule 23(a)(4) concerns both the competence of the class representative's counsel and the representative's willingness and ability to control the litigation and to protect the interests of the class as a whole. ***See, e.g.***, ***Horton v. Goose Creek Independent School District***, 690 F.2d 470, 484 (5th Cir. 1982), ***cert. denied***, 103 S.Ct. 3536 (1983).

There is no suggestion here that plaintiff is unwilling or unable to fulfill his responsibilities as the class representative to control the litigation and to protect the interests of the class as a whole. Moreover, and as discussed more fully below, I find and conclude that counsel for the proposed class has demonstrated ample competence to represent the named plaintiff and the class in this case.

**C. RULE 23(b)**

As noted above, in addition to satisfying the requirements of Rule 23(a), a putative class action must meet also the requirements of at least one subsection of Rule 23(b). Plaintiff maintains that Rule 23(b)(3) is the most appropriate rubric under which to analyze his TILA claim. I concur. Certification of a class under Rule 23(b)(3) is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." **FED. R. CIV. P**. 23(b)(3).

Predominance focuses on the question of liability. ***Queen Uno Ltd. Partnership v. Coeur D'Alene Mines***, 183 F.R.D. 687, 695 (D. Colo. 1998). "[I]f the liability issue is common to the class, common questions are held to predominate over individual questions." ***Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.***, 114 F.R.D. 48, 52 (S.D.N.Y.1987) (citation and internal quotation marks omitted). The court already has determined that the disclosures as to the APR associated with FastLoans violates TILA. (***See*** **Order Re: Summary Judgment Motions** at [#134], filed August 7, 2014.) This liability issue is at the heart of the claims of each putative class member and clearly predominates over any potential individual issues.

Superiority is also satisfied on the facts here. Although putative class members may be expected to be found in any or all of the eight states where FastLoans were available, there are no conflict of law issues to be addressed, as the sole surviving claim implicates a federal statute. Moreover, given the nature and purpose of the FastLoan

program, and based on the evidence showing the various amounts of plaintiff's own advances thereunder, it appears exceedingly likely that the majority of claims will involve small dollar amounts which individual class members would be unlikely or unable (due to the difficulty of engaging counsel interested in such small claims) to pursue on their own. ***See Queen Uno Ltd. Partnership***, 183 F.R.D. at 695. ***See also Cook v. Rockwell International Corp***., 181 F.R.D. 473, 482 (D. Colo. 1998) (finding superiority satisfied, *inter alia*, "if the stakes to each class member were too slight to repay the costs of suit")) (citation and internal quotation marks omitted). Finally, the calculation of statutory damages under TILA is straightforward and can be effectuated by resort to an appropriate algorithm.[3] Accordingly, "there is no reason, in considering this form contract, to reinvent the wheel for each claim, repeating, hundreds of times over, litigation of common issues." ***Maez***, 268 F.R.D. at 397 (citation and internal quotation marks omitted).

As none of the remaining considerations specified in Rule 23(b)(3) are relevant, see **FED. R. CIV. P.** 23(b)(3)(A)-(D), I find and conclude that the certification of a class in this case pursuant to Rule 23(b)(3) is appropriate and warranted.

### D. RULE 23(g)

---

[3] Defendant argues that plaintiff may not attempt to assert a claim for actual damages under TILA that is not affirmatively pled in the class action complaint. Setting aside the question whether the complaint is thus restricted, the court does not read plaintiff's motion as asserting an entitlement to actual damages under TILA. (***See*** **Motion** at 16 (asserting that "Plaintiff's statutory claims are obviously subject to common proof since . . . TILA . . provide[s] for statutory damages").) If plaintiff intends to seek a measure of damages based on actual damages (***see id.*** at 17 (suggesting that once class damages are discerned they "can be accurately apportioned among the class members based on their individual damages")), such a decision would seriously undermine the validity of my determination that class certification is appropriate. ***See Vallies v. Sky Bank***, 591 F.3d 152, 158 (3rd Cir. 2009) (noting that individual, fact-specific issues of detrimental reliance required to prove actual damages under TILA "create obstacles for class certification"). If plaintiff intends to seek such damages, it should inform the court as soon as practicable, so that the court may reconsider its determination of the propriety of class treatment.

Under Rule 23(g), the court must appoint class counsel when a class is certified. Factors relevant to the appointment of class counsel are the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. **FED. R. CIV. P.** 23(g)(1)(A)(i)-(iv).

Plaintiff's counsel was previously certified to act as interim counsel on behalf of the putative class. (**Minute Order** [#39], filed July 12, 2013.) Defendant presented no objection to the underlying motion on which that order was based, albeit reserving its right to later object (***see*** **Defendant's Response to Plaintiff's Motion for Appointment of Interim Putative Class Counsel** [#36], filed July 11, 2013), but it has presented no argument in response to the instant motion suggesting that putative class counsel should not be afforded full status at this juncture.

The expertise and qualifications of proposed class counsel are set forth in **Plaintiff's Motion for Appointment of Interim Putative Class Counsel Pursuant to Fed. R. Civ. P. 23(g)** ([#28], filed June 20, 2013) and fully substantiated by the affidavits appended thereto, which I incorporate by reference. Based on counsel's experience in the relevant areas of law, and the conduct of plaintiff's counsel to date in this case, I conclude that plaintiff's counsel satisfies the requirements outlined in Fed. R. Civ. P. 23(g). Plaintiff's counsel is amply qualified to act as counsel for the class.

## E. NOTICE

Under Rule 23(c)(2)(B), “the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort” when a class is certified under Rule 23(b)(3). I will direct plaintiff to file with the court a proposed form of notice to members of the class and to propose a method for directing the notice to the members of the class. After defendant has had an opportunity to respond to plaintiff's proposals, I will direct a form of notice and a method of notifying the members of the class.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff’s Motion for Class Certification and Memorandum in Support** [#57], filed October 1, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** insofar as it seeks certification of a class, as hereinafter defined, as to Count I of the **Class Action Complaint** [#1], filed April 26, 2013, alleging violation of the Truth in Lending Act; and

   b. That in all other respects, the motion is **DENIED**;

2. That a plaintiff class is **CERTIFIED** and **DEFINED** as follows:

All BOKF customers residing in the United States who received FastLoan advances between April 26, 2012, and May 31, 2014, and whose FastLoan advances were fully repaid fewer than 30 days from origination;

3. That Stueve Siegel Hanson LLP and Tycko & Zavareei LLP are **APPOINTED** as counsel for the plaintiff class;

[4] Nnothing in the court’s order should be read to prevent the parties from agreeing to a form of notice and/or a method for notifying the class and filing a joint or stipulated proposal.

4. That on or before **October 8, 2014**, plaintiff **SHALL FILE** with the court a proposed form of notice to members of the class and a proposal for directing notice to the members of the class, in compliance with Fed. R. Civ. P. 23(c)(2)(B); and

5. That the deadlines for defendant to file a response to plaintiff's proposed notice and for plaintiff to file a reply **SHALL BE GOVERNED** by **D.C.COLO.LCivR** 7.1(d).

Dated August 8, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge