**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01125-REB-MJW

LELAND SMALL, individually and on behalf of a class of other similarly situated persons,

    Plaintiff,

v.

BOKF, N.A.,

    Defendant.

## ORDER APPROVING PLAINTIFFS' PROPOSED PLAN OF NOTICE

**Blackburn, J.**

The matter before me is **Plaintiffs' Proposed Plan of Notice** [#136],[1] filed October 8, 2014. I approve plaintiffs' proposed forms of notice and plan for directing notice to the members of the class.

By previous orders, I granted partial summary judgment to plaintiffs on their claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f (*see* **Order Re: Summary Judgment Motions** [#134], filed August 7, 2014), and certified a class as to those claims (*see* **Order Re: Motion for Class Certification** [#135], filed August 8, 2014). As part of that latter order, I also directed plaintiffs to submit a proposed form of notice and a plan for directing notice to class members. The present submission is responsive to that directive.

---

[1] "[#136]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Defendant does not object to the proposed plan of notification, and having reviewed the proposal, I conclude that it satisfies the requirements of due process. However, defendant does take issue with plaintiffs' proposed forms of notice, arguing that they wrongly suggest that the court found two TILA violations and therefore that class members may be entitled to recover up to $2,000,000 in damages. Defendant also suggests that certain other "critical" information must be included in the notices to class members. I disagree on both counts.

A plaintiff who establishes that a creditor has failed to comply with the requirements of TILA is entitled to statutory damages, which are capped. In a class action, this cap is $1,000,000 for violations "arising out of the same failure to comply." 15 U.S.C. § 1640(a)(2)(B). It is clear beyond peradventure that the court found two, separate "failures to comply" with TILA's disclosure requirements in this case – one in connection with the original application for a FastLoan advance and a second at the time the advance appeared on the borrower's monthly bank statement. Defendant's argument to the contrary is insupportable.

Defendant next suggests that, even if there were more than one failure to comply, multiple failures to comply are to be treated as a single violation for purposes of recovery under TILA. In this regard, it relies on section 1640(g) of TILA, which provides that

> [t]he multiple failure to disclose to any person any information required under this part or part D or E of this subchapter to be disclosed in connection with a single account under an open end consumer credit plan, other single consumer credit sale, consumer loan, consumer lease, or other extension of consumer credit, shall entitle the person to a single recovery under this section[.]

2

15 U.S.C. § 1640(g). I agree with plaintiffs that the plain language of this section makes it inapplicable to class actions. This limitation expressly applies to disclosures made "in connection with a single account," a circumstance clearly inapplicable in the context of a class action. Defendant has pointed to no case which convinces me that the statutory language does not mean what it plainly says.[2]

The other matters which defendant suggests must be included in the notice to the class are neither "critical" nor, frankly, particularly helpful in the context of a notice in a class action. The form of notice must contain "an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." ***In re Qwest Communications International, Inc. Securities Litigation***, 625 F.Supp.2d 1133, 1137 (D. Colo. 2009) (quoting ***In re Nissan Motor Corp. Antitrust Litigation***, 552 F.2d 1088, 1104 (5th Cir. 1977)). On the other hand, there is no requirement that class members "be made cognizant of every material fact that has taken place prior to the mailing of their individual notice," and indeed, "an overly detailed notice . . . would [] confuse class members and impermissibly encumber their rights to benefit from the action." ***In re Nissan Motor Corp. Antitrust Litigation***, 552 F.2d at 1104 (internal citations omitted). Defendant's proposed additions are irrelevant, overly argumentative, and/or based on legal determinations that have not yet been presented to the court for resolution. I therefore reject them.

---

[2] The sole decision even mentioning section 1640(g) in a class action is ***Hook v. Baker***, 352 F.Supp.2d 839, 843 n.1 (S.D. Ohio 2004). The reference to section 1640(g) in that case, however, is rank dicta, bearing no relation to the issues actually resolved by the court, and therefore not addressed or analyzed in any manner that is helpful to the issue squarely presented here.

Defendant does not object to plaintiffs' suggestion that defendant bear the costs of notice in this matter. Although the costs of notifying the class typically are borne by the plaintiff "as part of the ordinary burden of financing his own suit," ***Eisen v. Carlisle and Jacquelin***, 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732 (1974), the court has some discretion in allocating the burdens of complying with the requirements of Rule 23, *see* ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 342, 98 S.Ct. 2380, 2385, 57 L.Ed.2d 253 (1978). This discretion is properly exercised to require the defendant to bear the costs of notice when the court has already found the defendant liable on the class claims. ***See, e.g.***, ***Hunt v. Imperial Merchant Services, Inc.***, 560 F.3d 1137, 1143-44 (9th Cir. 2009); ***Macarz v. Transworld Systems, Inc.***, 201 F.R.D. 54, 58-59 (D. Conn. 2001); ***Hartman v. Wick***, 678 F.Supp. 312, 328-29 (D.D.C. 1988); ***Catlett v. Missouri Highway and Transportation Commission***, 589 F.Supp. 949, 951 (W. D. Mo. 1984); ***Kyriazi v. Western Electric Co.***, 465 F.Supp. 1141, 1147-48 (D.N.J.1979); ***Stastny v. Southern Bell Telephone & Telegraph Co.***, 458 F.Supp. 314, 353 (W.D.N.C.1978); ***Meadows v. Ford Motor Co.***, 62 F.R.D. 98, 101 (W.D. Ky. 1973), ***modified on other grounds***, 510 F.2d 939 (6th Cir. 1975), ***cert. denied***, 96 S.Ct. 2215 (1976). I likewise find it appropriate to require defendant to bear these costs in the particular circumstances of this case.

**THEREFORE IT IS ORDERED** as follows:

1. That **Plaintiffs' Proposed Plan of Notice** [#136], filed October 8, 2014, is **APPROVED**;

2. That the three, proposed forms of notice, included as Attachment 2 to Exhibit A **Plaintiffs' Proposed Plan of Notice** [#136], filed October 8, 2014, are **APPROVED**;

3. That defendant **SHALL BEAR** the costs of affording notice to the class; and

4. That a telephonic setting conference **IS SET** for **January 20, 2015**, at **10:00 a.m.** (MST) to set this matter for evidentiary hearing on statutory damages or such other proceedings as may be warranted; provided, further, that counsel for plaintiffs shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference.

Dated November 21, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge